**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

HAYES LEMMERZ INTERNATIONAL, INC.,

    Plaintiff,

v.                                                                   Case No. 03-CV-70181-DT

EPILOGICS GROUP and KUHL WHEELS, LLC.,

    Defendants.
    /

**ORDER GRANTING GM'S "MOTION FOR CLARIFICATION AND/OR RECONSIDERATION OF THE DECEMBER 27, 2005 ORDER"**

On December 27, 2005, the court issued an "Order Denying Defendants' Request that the Court Hold Ford Motor Company and General Motors In Contempt of Court." In that order, the court directed "Ford to produce the equivalent of the information GM has produced to Defendants and GM to continue to produce items in line with Defendants' narrowed subpoena as the company becomes aware of the existence of such items." (12/27/05 Order at 1.) On December 29, 2005, GM filed a "Motion for Clarification And/Or Reconsideration of the December 27, 2005 Order." In its motion, GM expresses its concern that the court's order "[could] be read, particularly by a litigious party, to require forever a daily report on purchase, receipt and mounting of Hayes wheels on cars in assembly plants throughout the United States, Europe and elsewhere." (GM's Mot. at 2.) The court agrees, in part, with GM's stated concerns, and the court harbors no intent to "require forever a daily report . . . ." (*Id.*)

At the hearing conducted in this matter, Defendants stated that in their narrowed subpoena, they were asking to know "how many of these wheels and which of these wheels GM and Ford had bought from Hayes and which of the various models GM and Ford are putting these wheels on in the United States and in Europe." (12/20/05 Hr'g Tr. at 11.)  Further, the court understood from GM's presentation at the hearing that, among all things that were or could have been produced, the "summaries" of production runs that GM located and turned over were compiled in the ordinary course of business and did not require extraordinary effort.  The court found that these "summaries" substantially complied with Defendants' narrowed subpoena to date, however, the corut intended to impose on GM an obligation to continue to produce such summaries on a periodic basis throughout the duration of this litigation.  While Defendants' subpoena, as narrowed, did not contain a time limitation, the court finds that the subpoena could reasonably be enforced up to the time of trial, inasmuch as the requested information is relevant to the ultimate calculation of damages in the matter.

Accordingly, it is ordered that GM's "Motion for Clarification And/Or Reconsideration of the December 27, 2005 Order" [Dkt. # 111] is GRANTED.

In an effort to provide GM (and Ford) additional clarity about any continuing obligations to produce, the court here restates the conclusion of its December 27, 2005 order as follows:

> In light of the fact that Defendants' subpoena remained virtually unchanged despite the direction of the court to "fairly narrow" it, and in light of the substantial narrowing that occurred during the hearing, GM's production of documents consisting of summaries of production is found to constitute satisfactory performance, and GM is found to be not in contempt.

2

In the future, GM is obligated to provide no more than equivalent summaries of production. The court orders the production of such summary documentation on at least a quarterly basis, with the next report covering the first quarter of 2006. The court nonetheless encourages GM to provide such documentation more frequently, i.e., on a monthly basis. No additional or ongoing document production obligations exist under the subject subpoena.

Ford shall be responsible for the production of essentially equivalent summary documentation.


      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  January 13, 2006


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 13, 2006, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522


S:\Cleland\JUDGE'S DESK\Odd Orders\03-70181.HAYES.GrantingMotionForClarification.3.wpd