**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

HAYES LEMMERZ INTERNATIONAL, INC.,

    Plaintiff/Counter-Defendant,

v.                                                        Case No. 03-CV-70181-DT

EPILOGICS GROUP AND KUHL WEELS, LLC,

    Defendants/Counter-Plaintiffs.
                                                          /

**ORDER DENYING PLAINTIFF'S "MOTION TO ENJOIN KUHL
FROM PROSECUTING CALIFORNIA ACTION"**

Pending before the court is Plaintiff Hayes Lemmerz International, Inc.'s ("Hayes's") "Motion to Enjoin Kuhl From Prosecuting California Action," in which Hayes asks the court to enjoin Defendants Kuhl Wheels, LLC and Epilogics Group ("Kuhl") from continuing its lawsuit before the United States District Court for the Northern District of California (the "California Action").  For the reasons set forth below, Hayes's motion is denied.

**I.  BACKGROUND**

On January 14, 2003, Hayes filed an action for declaratory relief in this court, seeking a declaration that it is not infringing on Kuhl's patent, and that the patent itself is invalid.  Kuhl subsequently filed a counterclaim, alleging that Hayes's Flex Wheel infringes on its patent.  After discovery had concluded, Kuhl subpoenaed General Motors ("GM") and Ford Motor Company ("Ford").  When GM and Ford refused to furnish the requested documents, Kuhl filed a motion with the court to hold GM and Ford in contempt.  The court denied Kuhl's motion on December 27, 2005, finding that

Kuhl requested information beyond the scope the court had authorized. (12/27/05 Order at 1.) On January 29, 2006, Kuhl filed a motion seeking to join GM and Ford as defendants because they purchased the allegedly infringing Flex Wheel from Hayes. The court denied Kuhl's motion. (05/12/06 Order.) In response, Kuhl filed a patent infringement suit against GM and Ford in the Northern District of California. (Pl.'s Mot. Br. Ex. B.)

Hayes filed this motion with the court requesting an injunction prohibiting the California Action from proceeding. Hayes contends that the two lawsuits are duplicative because they involve the same wheel, patent and plaintiff, and because the defendants are allegedly joint tortfeasors. (Pl.'s Mot. Br. at 6.) Kuhl admits that Hayes, GM, and Ford are joint tortfeasors. (Def.'s Resp. at 2.) Hayes claims the court should grant an injunction because duplicative cases waste judicial time and resources, run the risk of inconsistent results, and the California Action can provide Kuhl no additional relief beyond what it could receive from this court. (Pl.'s Mot. Br. at 4-6.) Kuhl contends the court should not enjoin the California Action because having three defendants jointly liable would provide Kuhl with additional relief. (Def.'s Resp. at 2.) Hayes posits that Kuhl's true motivations in filing the California Action is to obtain impermissible discovery from GM and Ford. (Pl.'s Mot. Br. at 4; Pl.'s Reply at 2.) Hayes claims it has already provided Kuhl with the information Kuhl is purportedly seeking from GM and Ford, namely, the number of wheels purchased from Hayes by each car manufacturer. (Pl.'s Reply at 4-5 and Ex. 4.) Hayes further submits that the court has the discretionary power to issue the injunction under Sixth Circuit and Federal Circuit precedent. (Pl.'s Mot. Br. at 7-11.)

Finally, Kuhl "agree[s] to have the California action . . . transferred to the Court in Michigan . . . ." (Def.'s Resp. at 2.) However, Hayes never requested a transfer, and responded to Kuhl's purported acceptance by noting that a transfer of the California Action to this court would delay trial, allow Kuhl to circumvent the court's earlier discovery orders, and result in no greater recovery for the prevailing party because the "real dispute is between Hayes and Kuhl, not Kuhl and Hayes' customers." (Pl.'s Reply at 3-5.)

## II. DISCUSSION

### A. Comity

When duplicative cases are filed in two or more federal courts, under the first-filed rule,

> If the plaintiffs in the cases are identical and the defendants in one case are in privity with those in the other, even though not formal parties, the District Court which first obtains jurisdiction has the right, in our judgment, to enjoin proceedings brought later in another district, especially when numerous steps have been taken in the court whose jurisdiction was first invoked.

*Urbain v. Knapp Bros. Mfg. Co.*, 217 F.2d 810, 815 (6th Cir. 1954).[1] In the instant case, the plaintiffs are indeed identical, the defendants are in privity,[2] and the parties have

---

[1] Kuhl attempts to distinguish *Urbain* from this case, arguing that in *Urbain*, the danger was in the second action potentially reaching trial before the first. (Def.'s Resp. at 2.) Since this is not a danger in the instant case, Kuhl reasons that *Urbain* is inapplicable. However, Kuhl's argument is unconvincing because the *Urbain* Court's reasoning does not rely on the fact that the first-filed case would be out-paced by the second-filed case. *See Urbain v. Knapp Bro. Mfg. Co.*, 217 F.2d 810, 815 (6th Cir. 1954).

[2] Not only are the parties joint tortfeasors but Hayes is contractually obligated to defend and indemnify both GM and Ford for losses relating to any patent infringement suit. (Pl.'s Mot. Br. at 6.)

been engaged in pretrial litigation and discovery in this court, whose jurisdiction was invoked more than three years earlier than that of the California district court. This injunctive remedy is intended to avoid duplicative litigation. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (dictum) (internal citations omitted).

Some courts, however, have recognized an exception to this rule for suits between the manufacturer of allegedly infringing goods and the patent owner. *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990). These cases "take[] precedence over a suit by the patent owner against customers of the manufacturer" because "the manufacturer is the true defendant in the customer suit." *Id.* This case was filed prior to the California Action and involves litigation brought by the manufacturer of allegedly infringing goods against the patent owner. Therefore, under both the first-filed rule and the customer suit exception, this case takes precedence over the California Action. *Katz*, 909 F.2d at 1464.

Courts, however, need not exercise their right to enjoin duplicative suits: "When a federal court is presented with such a duplicative suit, it may exercise its discretion to stay the suit before it, to allow both suits to proceed, or, in some circumstances, to enjoin the parties from proceeding in the other suit." *Smith v. Sec. & Exch. Comm'n*, 129 F.3d 356, 361 (6th Cir. 1997) (internal citations omitted).

Nonetheless, "a federal court should not undertake lightly to enjoin proceedings in another federal court . . . ." *Metro. Life Ins. Co. v. Scott*, 587 F. Supp. 451, 452 (W.D. Penn. 1984). "Furthermore, this court has held that as a matter of comity, a federal court injunction against proceedings in another federal court will rarely be granted . . . ."

4

*Del Mar Avionics v. Quinton Instruments Co.*, 645 F.2d 832, 836 (9th Cir. 1981) (internal citations omitted).  As articulated by the Sixth Circuit,

> Federal courts of coordinate rank . . . owe each other comity in the sense of respecting each other's orders and avoiding hindering each other's proceedings.  This is not as demanding as the deference demanded of federal courts to certain kinds of state proceedings under abstention doctrines or the Anti-Injunction Act.  But it requires clear justification before a federal court may interfere with the jurisdiction of another federal court.

*Smith*, 129 F.3d at 361-62 (internal citations omitted).  Since the California court could easily dismiss, stay, or transfer the California Action if that court deemed such action is warranted, this court is not convinced there is a clear justification for this court to exercise its discretion to grant the extraordinary relief Hayes requests.

### B.  Adequate Remedy at Law

The very fact that Hayes can receive an adequate remedy in the California Action demonstrates that equitable relief in this court is unnecessary.  It is a fundamental principle that an injunction is an equitable remedy that does not issue "as of course."  *Wineberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982).  A court should only grant an injunction "when necessary to prevent great and irreparable injury."  *Cavanaugh v. Looney*, 248 U.S. 453, 456 (1919) (citing *Ex parte Young*, 209 U.S. 123, 155-56 (1908)).  The Supreme Court has repeatedly held that the basis for injunctive relief in the Federal courts has always been "irreparable harm and inadequacy of legal remedies."  *Rondeau v. Mosinee Paper Corp.*, 422 U.S. 49, 58 (1975); *see also Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 542 (1987).  The decision to issue a permanent injunction is committed to the discretion of the trial court and will be reviewed only for abuse of discretion, which is "a definite and firm conviction that the district court

committed a clear error of judgment." *See In re Dublin Sec. Inc.*, 133 F.3d 377, 380 (6th Cir. 1977).

It would be premature for the court to issue an injunction at this time because Hayes has an adequate remedy at law:  Hayes could raise its arguments in the California Action.  The federal court in California is well qualified to consider the merits of Hayes's motion, a motion that will essentially require nothing more than a reassertion of the arguments made before this court.  Although it may be true that the suits are duplicative, it is also true that they involve separate defendants who could raise different arguments in the two lawsuits.  Ultimately, the court's decision not to enjoin the California Action rests on principles of comity.  The court finds it more appropriate for Hayes to make its arguments to the California district court.

The court recognizes that both the Sixth Circuit and the Federal Circuit have affirmed district court decisions enjoining proceedings before another district court under similar circumstances.  *See Katz*, 909 F.2d at 1463; *Urbain*, 217 F.2d at 815.  However, it is important to remember that the Court of Appeals reviews such decisions for an abuse of discretion, and will not disturb them unless a district court displays a clear error of judgment.  *See Smith*, 129 F.3d at 361 (citing *Roth v. Bank of Commonwealth*, 583 F.2d 527, 538 (6th Cir. 1978).  The court will exercise its discretion and refrain from enjoining the proceedings in another federal court where that court has the ability to award Hayes the remedy it seeks.

## III.  CONCLUSION

IT IS ORDERED that Plaintiff's "Motion to Enjoin Kuhl From Prosecuting California Action" is DENIED.

                                       s/Robert H. Cleland  
                                       ROBERT H. CLELAND  
                                       UNITED STATES DISTRICT JUDGE

Dated:  September 5, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 5, 2006, by electronic and/or ordinary mail.

                                       s/Lisa G. Teets  
                                       Case Manager and Deputy Clerk  
                                       (313) 234-5522