**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

HAYES LEMMERZ INTERNATIONAL, INC.,

    Plaintiff/Counter-Defendant,

v.                                                    Case No. 03-CV-70181-DT

EPILOGICS GROUP and KUHL WHEELS,
LLC,

    Defendants/Counter-Plaintiffs.
                                                      /

**OPINION AND ORDER DENYING "KUHL WHEELS' . . . MOTION
FOR DISMISSAL OR CONTINUANCE OF HAYES'[S] MOTIONS FOR
SUMMARY JUDGMENT OF NON-INFRINGEMENT AND NON-VALIDITY . . . ,"
DENYING "KUHL WHEELS' MOTION FOR LEAVE TO FILE MOTION FOR
RECONSIDERATION," DENYING "KUHL WHEELS, LLC'S . . . MOTION FOR
RECONSIDERATION OF THE COURT'S CLAIM CONSTRUCTION OPINION
AND ORDER," GRANTING "HAYES'S MOTION TO STRIKE DECLARATION
OF WILLIAM K. WALDRON" AND SETTING DEADLINES**

        On January 14, 2003, Plaintiff/Counter-Defendant Hayes Lemmerz International, Inc. ("Hayes") filed an action for declaratory relief in this court, seeking a declaration that it is not infringing on Defendants/Counter-Plaintiffs Kuhl Wheels, LLC and Epilogics Group's ("Kuhl's") patent, and that the patent itself is invalid. Kuhl subsequently filed a counterclaim, alleging that Hayes's Flex Wheel infringes on its patent. After the court entered its claim construction order, the parties filed their summary judgment motions.

        On August 22, 2007, Kuhl filed its "Motion for Dismissal or Continuance of Hayes'[s] Motions for Summary Judgment of Non-Infringement and Non-Validity . . . ," "Motion for Leave to File Motion for Reconsideration" and "Motion for Reconsideration of the Court's Claim Construction Opinion and Order." On September 7, 2007, Hayes filed

its "Motion to Strike Declaration of William K. Waldron." The court has stayed motion practice on the parties' summary judgment briefs pending the resolution of the afore-mentioned motions. These motions have been fully briefed and the court concludes that a hearing is not necessary. See E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny Kuhl's motions for dismissal and reconsideration, grant Hayes's motion to strike and set deadlines for the parties' summary judgment motion practice.

## I.  KUHL'S MOTION TO DISMISS

Kuhl bases its motion to dismiss on Hayes's alleged discovery abuses whereby Hayes purportedly failed to provide Kuhl with numerous pertinent documents that are relevant to, and materially alter, Hayes's pending motions for summary judgment. Specifically, Kuhl claims that Hayes (1) "affirmatively mislead Kuhl by falsely responding to a document request–stating that Hayes did not have any U.S. Struktur Wheel patent applications" and (2) "affirmatively withheld the unexamined Japanese patent applications that were in their possession since at least early 2004." (Kuhl's Mot. Dismiss at 4.) Kuhl therefore contends that Hayes's non-infringement and non-validity summary judgment motions "are made in bad faith and are premature in that Kuhl has not had the opportunity to discover information that is highly relevant to its opposition to those motions." (*Id.*) Kuhl requests that the court consider Hayes's alleged discovery misconduct as "another basis to deny Hayes'[s] motions" or, "if the Court is giving any consideration to granting either of Hayes'[s] motions, Kuhl requests that the Court continue the motions to permit Kuhl the opportunity to conduct further discovery into the withheld information." (*Id.*)

2

"Before ruling on summary judgment motions, a district judge must afford the parties adequate time for discovery, in light of the circumstances of the case." *Plott v. General Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1195 (6th Cir. 1995). Federal Rule of Civil Procedure 56(f) specifically allows the court to deny a summary judgment motion or grant a continuance in order to allow further discovery. To establish the need for discovery material to respond to a summary judgment motion, the non-moving party must do more than make vague allegations or conclusory statements regarding the need for such discovery. *Lanier v. Bryant,* 332 F.3d 999, 1006 (6th Cir. 2003) ("Nebulous assertions that more discovery time would have produced evidence to defeat summary judgment will be unavailing.").

A party attempting to persuade the district court that it has not been afforded adequate discovery must show that the additional facts and information obtained through discovery may disclose facts material to the issues presented in the pending motion. *Id.* "Factors that should be considered include when the moving party learned of the issue that is the subject of discovery, how the discovery would affect the ruling below, the length of the discovery period, whether the moving party was dilatory, and whether the adverse party was responsive to prior discovery requests." *Audi AG v. D' Amato*, 469 F.3d 534, 541 (6th Cir. 2006) (citing *Plott*, 71 F.3d at 1196-97); *Welty v. Honda of America Mfg., Inc.*, 411 F. Supp. 2d 824, 830-31 (6th Cir. 2005). A district court's ruling on a motion to continue discovery under Rule 56(f) is reviewed for an abuse of discretion. *Audi*, 469 F.3d at 541 (citing *Plott*, 71 F.3d at 1197).

## A. Japanese Patent Applications

In its motion to dismiss, Kuhl claims that Hayes "affirmatively withheld the unexamined Japanese patent applications that were in their possession since at least 2004." (Kuhl's Mot. Dismiss at 4.) In response, Hayes asserts that it "disclosed the Japanese Prior Art on April 9, 2004, in response to Kuhl's Second Set of Interrogatories," (Hayes's Resp. to Kuhl's Mot. Dismiss at 4), and attaches its interrogatory responses to support its contention, (4/9/04 Interrog. Resp. at 11, Hayes's Mot. Strike Ex. 2). An examination of these responses reveal that Hayes listed twenty-three prior art references in response to Kuhl's Interrogatory No. 13, which sought prior art upon which Hayes might rely, and Numbers 9, 10 and 11 of Hayes's list are the Japanese patent applications that Kuhl accuses Hayes of affirmatively withholding. (*Id.*) Hayes also produced copies of the Japanese patent applications on April 13, 2004. (4/13/04 Production at HL 000078-99, Hayes's Mot. Strike Ex. 3.) Furthermore, William Waldron, one of Kuhl's experts, listed two of these Japanese patent applications in his first expert report as documents he reviewed in preparing his opinions. (Waldron First Report at 18, Hayes's Mot. Strike Ex. 4.)

Although Kuhl ultimately admits[1] in it response to Hayes's motion to strike that Hayes "did disclose the unexamined Japanese patent applications," Kuhl asserts that "Hayes might not as well have identified anything or produced anything because it never relied upon any of this art up until its motion for summary judgment." (Kuhl's Resp. to

---

[1] Had Kuhl sought concurrence in its motion to dismiss, as required by Eastern District of Michigan Local Rule 7.1(a), Hayes could have clarified this issue for Kuhl and Kuhl would never have advanced its original unsustainable position.

Hayes's Mot. Strike at 5.)  Kuhl concludes that, "[b]ased on these facts, it would be reasonable to conclude that Hayes did not tend to rely upon any of the Japanese prior art, which would obviate Kuhl's expert, Dr. Waldron, from opining on this filler art that had been included in the extensive list in Hayes's discovery responses." (*Id.* at 6.)  This argument is unavailing.  Hayes produced the Japanese patent applications as prior art on which Hayes may rely and Kuhl admits that Hayes included one of the Japanese patent applications "within the list of obviousness references." (*Id.*)  Moreover, Waldron recognized their importance and reviewed the Japanese patent applications before drafting his first expert report.  (Waldron First Report at 18, Hayes's Mot. Strike Ex. 4.)  The fact that Hayes relied more heavily on these Japanese patent applications in its summary judgment motions than Kuhl perhaps reasonably expected is not a basis to allow Kuhl to reopen discovery years after the conclusion of the parties' already lengthy discovery.

### B.  U.S. Struktur Wheel Patent

Hayes filed a priority application, International Publication Number WO 03/037651 A1 and International Application Number PCT/US/02/17534 ("PCT Application")[2] on May 31, 2002.  Hayes later filed for the United States version of its European Struktur Wheel patent, which was a continuation of the PCT Application, on April 30, 2004.  This patent application was not published as U.S. Publication No.

---

[2]The PCT Application can be identified by its International Publication Number WO 03/037651 A1, which Hayes uses, or its International Application Number PCT/US02/17534, which Kuhl uses.  (*See* PCT Application at 1, Hayes's Mot. Strike Ex. 6.)  The parties' varied identification practices could have contributed to confusions regarding the PCT Application's production.

5

2004/0227392 A1 until November 18, 2004 and it was not granted as U.S. Patent No. 7,059,685 (the "U.S. Struktur Patent") until June 13, 2006. (U.S. Struktur Patent, Kuhl's Resp. to Hayes's Non-Patent Summ. J. Mot. Ex. 79.)

In Kuhl's motion to dismiss, Kuhl claims that Hayes falsely responded to Kuhl's document request when Hayes asserted that it did not have any United States Struktur Wheel patent applications. (Kuhl's Mot. Dismiss at 4.) Hayes attests that it did not withhold the U.S. Struktur Patent because as of Hayes's April 9, 2004 response, Hayes had yet to file the U.S. Struktur Application and Hayes nonetheless listed the PCT Application, which is the original priority application, in its April 9, 2004 response to Kuhl's second set of document requests. (Hayes's Resp. to Kuhl's 2nd Doc. Req. #180, Kuhl's Resp. To Hayes's Non-Patent Summ. J. Mot. Ex. 81.) Furthermore, Hayes attests that it had already produced a copy of the PCT Application during the parties' January 15, 2004 meeting.[3] (*See* Moss Decl.; Sobanski Decl.; 1/15/04 Inventory, Moss Decl. Ex. 1.)

---

[3]Although Kuhl continues to allege that Hayes failed to turn over the entire PCT Application, (see Kuhl's Resp. to Hayes's Mot. Strike at 1), there are numerous facts in the record to support Hayes's position. Josh Moss and Mark Sobanski, counsel for Hayes, have both filed declarations attesting that Kuhl's attorneys took a complete copy of the PCT Application on January 15, 2004. (Moss Decl. at ¶ 10; Sobanski Decl. at ¶ 9.) There are no declarations to the contrary. Additionally, Hayes's counsel created a list of the items being disclosed on January 15, 2004 and John Vanophem, at that time local counsel for Kuhl, e-mailed the list to the other attorneys representing Kuhl. (1/15/04 E-mail, Kuhl's Resp. to Mot. Strike Ex. 7.) The last item on the list clearly states "Hayes PCT Patent Application WO 03/03765A1 (HL1)." (*Id.*) The fact that the PCT Application is listed as produced on a document circulated amongst nine Kuhl attorneys without objection tends to show that the item was produced. Even if Hayes failed to produce the PCT Application, Kuhl was put on notice that such document existed, both because it was listed in the e-mail attachment and because it was listed in Hayes's response to Kuhl's second document requests, (*see* Hayes's Resp. to Kuhl's 2nd Doc. Req. #180, Kuhl's Resp. To Hayes's Non-Patent Summ. J. Mot. Ex. 81).

6

Kuhl admits that "[t]he U.S. Struktur Wheel Patent is a continuation of Application No. PCT/US/02/17534, filed on May 31, 2002," (Kuhl's Mot. Dismiss at 4), and the U.S. Struktur Patent itself states that it is a "[c]ontinuation of application No. PCT/US02/17534, filed on May 31, 2002," (U.S. Struktur Patent at 1, Kuhl's Resp. to Hayes's Non-Patent Summ. J. Mot. Ex. 79). The fact that the U.S. Struktur Patent is a continuation of the PCT Application is significant because, "[b]y statutory definition, this means that the continuing application, i.e., the U.S. Strucktur Application, contains no new matter as compared to the PCT Application (Hayes's Resp. to Mot. Dismiss at 5 (citing Manual of Patent Examining Procedures 201.07)). Theoretically, Kuhl would therefore suffer no prejudice from having the PCT Application in place of the U.S. Strucktur Patent because the U.S. Struktur Patent could contain nothing that did not previously appear in the PCT Application. Although Kuhl generally concedes that the PCT Application is a longer version of the U.S. Struktur Patent with regards to its content and figures, Kuhl identifies one aspect of the U.S. Strucktur Patent that is new or different from the PCT Application: the prior art. (Kuhl's Mot. Dismiss at 4-5.) Kuhl claims that, unlike the PCT Application, the prior art cited by the U.S. Struktur Patent include the patents in suit, patents incorporated by reference by the patents in suit and the Japanese patent applications. (*Id.*) Kuhl does not dispute its possession of the patents in suit and patents incorporated by reference therein and, for the reasons stated above, the court determines that Kuhl had in its possession the Japanese patent applications. Accordingly, Kuhl has failed to point to any new information contained in the U.S. Struktur Patent that would necessitate additional discovery at this late stage.

While the court recognizes that it would have been preferable for Hayes to have updated Kuhl on the status of its U.S. Struktur Application,[4] Kuhl had the means to acquire this information by tracking the PCT Application. Furthermore, in his November 17, 2004 deposition, Werner Kermelk testified that Hayes was going to file an application for a U.S. patent on the Strucktur Wheel. (Kermelk Dep. Tr. at 128-29, Hayes's Resp. to Kuhl's Mot. Dismiss Ex. 6.) Therefore, Kuhl was on notice that Hayes had, or would, file a U.S. Struktur Application.

For the reasons stated above, the court is unpersuaded that Hayes either affirmatively mislead Kuhl by falsely responding to a document request or affirmatively withheld the Japanese patent applications. Accordingly, the court finds no basis to dismiss or deny Hayes's summary judgment motions or allow Kuhl to conduct additional discovery.[5]

## II. HAYES'S MOTION TO STRIKE

In its motion to strike, Hayes urges the court to strike Waldron's August 22, 2007 declaration (the "Waldron Declaration"), which Kuhl filed in support of its motions to dismiss and for reconsideration and its responses to Hayes's summary judgment motions. (Hayes's Mot. Strike at 1.) Hayes contends that the Waldron Declaration should be stricken because it "contains numerous expert opinions that were not

---

[4]Hayes was required by the Federal Rules to update Kuhl on the status of its U.S. Strukter Patent. Under these circumstances, however, Hayes's failure to do so does not justify the relief Kuhl seeks, especially in light of Kuhl's allegedly similar behavior, which Kuhl has not denied. (*See* Hayes's Resp. to Kuhl's Mot. Dismiss at 6-7.)

[5]The court does not, however, find a basis to award Hayes its attorneys' fees incurred in defending this motion because of Kuhl's alleged bad faith under Federal Rule of Civil Procedure 56(g).

8

disclosed in his two prior expert reports that were produced prior to the close of expert discovery more than two years ago." (*Id.*)

In its response, Kuhl first argues that it should be permitted to file an untimely expert opinion because of Hayes's discovery abuses. (Kuhl's Resp. to Mot. Strike at 1.) For the reasons stated above, the court rejects Kuhl's first argument.

Secondly, Kuhl contends that it should be permitted to update its expert report in light of the court's claim construction order, which differed from the claim construction assumed by Kuhl's expert. (*Id.* at 5.) Although some courts have permitted such updates, they have done so when the reports "were updated within a reasonable time subsequent to the claim construction" and the other party was able to examine the new opinion well before trial (or, in this case, the dispositive motion deadline). *Becton Dickinson & Co. v. Syntron Bioresearch, Inc.*, No. 97-1634, 1998 U.S. Dist. Lexis 22082, at *50 (S.D. Cal. Dec. 21, 1999). *See also Itron, Inc. v. Benghiat*, No. 99-501, 2001 U.S. Dist. Lexis 23230, at *4 (C.D. Minn. Dec. 21, 2001) (allowing the updated expert testimony because it was filed "within a reasonable time (two months) of the court's claim construction"). Here, Kuhl filed the Waldron Declaration as an exhibit to a number of its motions and responses four months after the court's claim construction order was entered and almost two months after the parties had filed their motions for summary judgment. Hayes had no opportunity to examine the Waldron Declaration prior to filing its motion for summary judgment and the Waldron Declaration was not updated within a reasonable time after the court's claim construction order. Furthermore, Kuhl did not provide notice to the court or Hayes regarding its intent to submit an updated expert

report, despite having the opportunity to do so during the post-claim construction status conference. Therefore, the court rejects Kuhl's second argument.

Finally, Kuhl submits that it is entitled to supplement its expert report based on Hayes's summary judgment arguments that have "completely changed" from its claim chart invalidity positions. (Kuhl's Resp. to Hayes's Mot. Strike at 6.) The court is not persuaded that Hayes's allegedly new argument, which is based on evidence that Hayes produced to Kuhl, entitles Kuhl to file additional expert opinions more than two years after the close of lengthy expert discovery and significantly delay resolution of this case.

"District courts have broad discretion to exclude untimely disclosed expert-witness testimony." *Pride v. Bic Corp.*, 218 F.3d 566, 578 (6th Cir. 2000) (citing *Trilogy Comm'n v. Times Fiber Comm'n*, 109 F.3d 739 (Fed. Cir. 1997)). The court finds no basis for permitting this late-filed expert report and will therefore grant Hayes's motion to strike.

### III.  KUHL'S MOTION FOR RECONSIDERATION

Rule 7.1(g) of the Local Rules for the Eastern District of Michigan provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is a 'defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). A motion for reconsideration that presents the same issues already ruled upon by the court, either

10

expressly or by reasonable implication, will not be granted. E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).

More significantly for purposes of this motion, Local Rule 7.1(g)(1) requires that "[a] motion for rehearing or reconsideration must be filed within 10 days after entry of the judgment or order." Despite this ten-day deadline, the court may, in its discretion, enlarge a specified time period, even after the period has expired, upon a showing that the movant's "failure to act was the result of excusable neglect." *See* Fed. R. Civ. P. 6(b).

Kuhl filed its motion for reconsideration four months after the court's claim construction order was entered. Although Kuhl cites to the Michigan Court Rules instead of the Eastern District of Michigan Court rules, Kuhl recognizes that its motion is untimely. (Kuhl's Mot. for Leave at 1.) Nonetheless, Kuhl submits that the court should exercise its discretion and grant Kuhl leave to file its motion for reconsideration for two reasons. First, Kuhl contends that its original patent attorneys withdrew from the case unexpectedly and its new counsel did not "fully appreciate the [claim construction order] which was issued shortly after [substitute counsel was] hired." (*Id.* at 2.) Despite Kuhl's contention that the court's claim construction order "was issued shortly after [substitute counsel was] hired," (*id.*), the court granted the motion to withdraw almost an entire calender year before the claim construction order was entered. This period of time is far more than counsel should have needed to become acquainted with the case and "fully appreciate" the court's claim construction order. Indeed, in its order granting the motion to withdraw, the court expressed its expectation "that in a case of this complexity, in approximately two weeks' time a competent patent attorney ought to be able to become

11

familiar with the patent claims especially as related to the *Markman* briefing, and to review discovery including the depositions of record." (5/16/06 Order at 2.) Kuhl's counsel's failure to do so does not constitute excusable neglect and the court will not grant leave to file a belated motion for reconsideration on this basis.

Kuhl's second and final reason for its delay relates to Kuhl's lack of knowledge of the U.S. Strukter Patent due to Hayes's alleged misrepresentations during discovery. (Kuhl's Mot. for Leave at 2.) Kuhl contends that the existence of this patent "would have had a material impact upon the Court's claim construction" and the court should therefore consider Kuhl's motion for reconsideration.[6] (*Id.*) For the reasons stated above, the court is not persuaded that Hayes affirmatively withheld the U.S. Strukter Wheel Patent from Kuhl and will not find excusable neglect on that basis. Furthermore, because Kuhl's motion for reconsideration does not even mention the U.S. Strukter Patent, (*see* Kuhl's Mot. Recon.), Hayes's alleged discovery abuses, even if true, could not constitute excusable neglect for Kuhl's belated motion for reconsideration. For the reasons stated above, the court will deny Kuhl's motion for leave to file a motion for reconsideration.[7]

---

[6]Kuhl filed its motion for reconsideration the same day it filed its motion for leave to file the motion for reconsideration.

[7]Even if the court was inclined to consider Kuhl's motion for reconsideration on the merits, the motion fails to "demonstrate a palpable defect by which the court and the parties have been misled" that, if corrected, would "result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3).

## IV.  CONCLUSION

IT IS ORDERED that Kuhl's "Motion for Dismissal or Continuance of Hayes'[s] Motions for Summary Judgment of Non-Infringement and Non-Validity . . . " [Dkt. # 182] is DENIED.

IT IS FURTHER ORDERED that Kuhl's "Motion for Leave to File Motion for Reconsideration" [Dkt. # 180] and "Motion for Reconsideration of the Court's Claim Construction Opinion and Order" [Dkt. # 181] are DENIED.

IT IS FURTHER ORDERED that Hayes's "Motion to Strike Declaration of William K. Waldron" [Dkt. # 196] is GRANTED.  The Waldron Declaration and all portions of Kuhl's responsive briefing that relies on the Waldron Declaration are STRICKEN from the court's docket.

IT IS FURTHER ORDERED that Kuhl file amended responses to "Hayes's Motion . . . for Summary Judgment for Non-Infringement of U.S. Patent Nos. 6,042,194 and 6,520,596" and "Hayes'[s] Motion . . . for Summary Judgment for Non-Validity of U.S. Patent Nos. 6,042,194 and 6,520,596" on or before **Friday, October 26, 2007**.  If the parties wish to file replies in support of their respective motions for summary judgment, they must do so by **Monday, November 5, 2007**.  **No extensions shall be granted**.  The court will hold a hearing on the parties' cross-motions for summary judgment on **November 28, 2007 at 9:00 a.m.**

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: October 12, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 12, 2007, by electronic and/or ordinary mail.

                                        s/Lisa G. Wagner
                                        Case Manager and Deputy Clerk
                                        (313) 234-5522