**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

HAYES LEMMERZ INTERNATIONAL, INC.,

    Plaintiff/Counter-Defendant,

v.                                                      Case No. 03-CV-70181-DT

EPILOGICS GROUP and KUHL WHEELS,
LLC,

    Defendants/Counter-Plaintiffs.
_____/

**OPINION AND ORDER DENYING "DEFENDANT KUHL WHEELS'[S]
MOTION TO STRIKE DECLARATIONS OF THOMAS HECK,
JOHN KINSTLER [AND] WERNER KERMELK . . . "**

On January 14, 2003, Plaintiff/Counter-Defendant Hayes Lemmerz International, Inc. ("Hayes") filed an action for declaratory relief in this court, seeking a declaration that it is not infringing on Defendants/Counter-Plaintiffs Kuhl Wheels, LLC and Epilogics Group's ("Kuhl's") patent, and that the patent itself is invalid. Kuhl subsequently filed a counterclaim, alleging that Hayes's Flex Wheel infringes on its patent. After the court entered its claim construction order, the parties filed their summary judgment motions.

In support of its summary judgment motions, Hayes filed declarations from Hayes's experts Thomas Heck, John Kinstler and Werner Kermelk (the "declarations"), which authenticated a number of wheels as prior art. (*See* Declarations, Kuhl's Exs. 1-4.) Kuhl did not object to these declarations in its first response to Hayes's motions for summary judgment, and filed the present motion to strike only after the court granted Hayes's motion to strike the declaration of Kuhl's expert William K. Waldron as untimely. Kuhl now contends that the court should strike the declarations because they "provide

new and different information that was in the exclusive possession of Hayes prior to the close of discovery in this case." (Kuhl's Mot. Strike at 4.)

Hayes objects to Kuhl's characterization of the wheels as information solely within Hayes's custody. Hayes notes that each wheel authenticated by the declarations were produced to Kuhl in their actual physical form or through representative photographs of the wheels and Kuhl deposed Hayes's experts at length regarding these wheels. (Hayes's Resp. at 2.) More significantly, Kuhl was aware, at least as of April 9, 2004, that Hayes claimed these wheels were prior art. (Hayes's Ans. 2nd Interr. at 11, Hayes's Mot. Strike Waldron Dec. Ex. 2.)

Federal Rule of Civil Procedure 37(c)(1) provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence . . . any witness or information not so disclosed."[1] Because it is uncontested that Kuhl has known for over three years that Hayes claimed these wheels as prior art, and Kuhl has had the opportunity to examine either the wheels themselves or photographs representing the wheels, the court finds that Hayes's failure to authenticate the wheels as prior art before the summary judgment stage is harmless. Accordingly,

---

[1]Although Rule 37(c)(1) is traditionally invoked to preclude expert testimony at trial, courts have also applied it to motions for summary judgment. *See Vance By & Through Hammons v. United States*, 1999 WL 455435 at *3 (6th Cir. June 25, 1999) (applying Rule 37 to expert testimony supporting a motion for summary judgment).

IT IS ORDERED that "Defendant Kuhl Wheels'[s] Motion to Strike Declarations of Thomas Heck, John Kinstler [and] Werner Kermelk . . . " [Dkt. # 214] is DENIED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: November 21, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 21, 2007, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522