**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

HAYES LEMMERZ INTERNATIONAL, INC.,

    Plaintiff/Counter-Defendant,

v.                                                Case No. 03-CV-70181-DT

EPILOGICS GROUP and KUHL WHEELS,
LLC,

    Defendants/Counter-Plaintiffs.
_____/

**OPINION AND ORDER DENYING "KUHL['S] MOTION FOR
RECONSIDERATION OF ORDER DENYING REQUEST FOR CONTINUANCE
OF SUMMARY JUDGMENT MOTIONS AND RECONSIDERATION
OF CLAIM CONSTRUCTION OPINION AND ORDER"**

On January 14, 2003, Plaintiff/Counter-Defendant Hayes Lemmerz International, Inc. ("Hayes") filed an action for declaratory relief in this court, seeking a declaration that it is not infringing on Defendants/Counter-Plaintiffs Kuhl Wheels, LLC and Epilogics Group's ("Kuhl's") patent, and that the patent itself is invalid.  Kuhl subsequently filed a counterclaim, alleging that Hayes's Flex Wheel infringes on its patent.  After the court entered its claim construction order, the parties filed their summary judgment motions.

On August 22, 2007, Kuhl filed its "Motion for Dismissal or Continuance of Hayes'[s] Motions for Summary Judgment of Non-Infringement and Non-Validity . . . ," "Motion for Leave to File Motion for Reconsideration" and "Motion for Reconsideration of the Court's Claim Construction Opinion and Order."  The court denied Kuhl's motions on October 12, 2007.  Pending before the court is Kuhl's October 22, 2007 "Motion for Reconsideration of Order Denying Request for Continuance of Su[]mmary Judgment

Motions and Reconsideration of Claim Construction Opinion and Order." Hayes filed a November 7, 2007 response to Kuhl's motion per the court's request and the court concludes that a hearing is not necessary. *See* E.D. Mich. LR 7.1(e)(2).

Kuhl based its motion to dismiss on Hayes's alleged discovery abuses whereby Hayes purportedly failed to provide Kuhl with the U.S. Struktur Patent, which would materially alter both the court's claim construction order and Hayes's pending motions for summary judgment. (*See generally* Kuhl's Mot. Dismiss.) Kuhl also asked the court to consider its otherwise untimely motion for reconsideration because it had just obtained knowledge of the U.S. Struktur Patent. (*See generally* Kuhl's Mot. for Leave to File Mot. Recon.) The court determined that, although Hayes did not update Kuhl on the status of its U.S. Struktur Patent, Hayes's failure to do so did not prejudice Kuhl because Hayes produced the entire PCT Application, from which the U.S. Struktur Patent was based, and Kuhl has failed to identify any new information contained in the U.S. Struktur Patent that would necessitate additional discovery at this late stage. (10/12/07 Order at 7.) The court also declined to find excusable neglect on that basis, noting that Kuhl's untimely motion for reconsideration did not even mention the U.S. Struktur Patent. (*Id.* at 12 (citing Kuhl's 8/22/07 Mot. Recon.).)

In its present motion for reconsideration, Kuhl challenges these findings and argues that it was not put on notice that Hayes had, or would file the U.S. Struktur patent. (*See generally* Kuhl's Mot.) Hayes responds by contending that Kuhl's assertions of discovery abuses are baseless and, in any event, the U.S. Struktur Patent

2

is irrelevant to the court's claim construction order and Hayes's motions for summary judgment. (*See generally* Hayes's Resp.)

Rule 7.1(g) of the Local Rules for the Eastern District of Michigan provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is a 'defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). A motion for reconsideration that presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).

The court is not persuaded that Kuhl has demonstrated a palpable defect by which the court and the parties have been misled. Even if the court were convinced that Kuhl received only the first page of the PCT Application, instead of the entire document, Kuhl was aware of the existence of the PCT Application and was fully capable of obtaining the complete PCT Application. Because it is uncontested that the U.S. Struktur Patent is a continuation of the PCT Application, and therefore does not contain any information not already disclosed in the PCT Application, Hayes's failure to directly provide Kuhl with the U.S. Struktur Patent was not prejudicial.

Moreover, the fact that Kuhl did not obtain a copy of the U.S. Struktur Patent until Hayes's summary judgment motion is harmless because the U.S. Struktur Patent is irrelevant to both the court's claim construction order and Hayes's motions for summary

judgment. This case centers on whether Hayes's commercially manufactured wheels infringe on Kuhl's patents, and Hayes's U.S. Struktur Patent is irrelevant to that issue. *See Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, 265 F.3d 1293, 1309 (Fed. Cir. 2001). This conclusion is bolstered by the fact that Kuhl's motion for reconsideration of the court's claim construction order does not mention, or otherwise rely on, the allegedly essential U.S. Struktur Patent. Accordingly,

IT IS ORDERED that Kuhl's "Motion for Reconsideration of Order Denying Request for Continuance of Su[]mmary Judgment Motions and Reconsideration of Claim Construction Opinion and Order" [Dkt. # 212] is DENIED.[1]

                                             s/Robert H. Cleland
                                             ROBERT H. CLELAND
                                             UNITED STATES DISTRICT JUDGE

Dated: November 21, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 21, 2007, by electronic and/or ordinary mail.

                                             s/Lisa G. Wagner
                                             Case Manager and Deputy Clerk
                                             (313) 234-5522

---

[1] The court notes that this is Kuhl's second motion for reconsideration and warns that the court will not entertain any further motions for reconsideration on this issue.

4