**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

HAYES LEMMERZ INTERNATIONAL, INC.,

      Plaintiff/Counter-Defendant,

v.                                    Case No. 03-CV-70181-DT

EPILOGICS GROUP and KUHL WHEELS,
LLC,

      Defendants/Counter-Plaintiffs.

                                              /

**OPINION AND ORDER DENYING KUHL'S "MOTION FOR RECONSIDERATION
AND AMENDMENT OF SUMMARY JUDGMENT ORDER AND JUDGMENT"**

On January 14, 2003, Plaintiff/Counter-Defendant Hayes Lemmerz International,

Inc. ("Hayes") filed an action for declaratory relief in this court, seeking a declaration that

the Struktur Wheel does not infringe on the following two patents held by

Defendants/Counter-Plaintiffs Kuhl Wheels, LLC and Epilogics Group ("Kuhl"): patent

number 6,042,194 (the "'194 Patent") and patent number 6,520,596 (the "'596 Patent").

Hayes also sought a declaration that the patents themselves are invalid.  Kuhl

subsequently filed a counterclaim, alleging patent infringement and a number of non-

patent claims.

The court entered its claim construction order and the parties filed cross motions

for summary judgment.  After considering the parties' written and oral argument, the

court granted Hayes's non-infringement summary judgment motion, denied as moot

Hayes's non-validity summary judgment motion, granted Hayes's non-patent summary

judgment motion and denied Kuhl's motion for partial summary judgment.  Pending

before the court is Kuhl's "Motion for Reconsideration and Amendment of Summary Judgment Order and Judgment." For the reasons stated below, the court will deny the motion.

## I. STANDARD

Rule 7.1(g) of the Local Rules for the Eastern District of Michigan provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is a 'defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). A motion for reconsideration that presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).

## II. DISCUSSION

Kuhl raises a number of issues in its motion for reconsideration. First, Kuhl contends that the court erred in its determination that "Hayes's various United States and European Struktur Wheel patents and the development of the Struktur Wheel . . . are irrelevant to the court's infringement analysis . . . [b]ecause copying 'is of no import on the question of whether the claims of an issued patent are infringed.'" (11/30/07 Order at 5 (quoting *Allen Eng'g Corp. v. Bartell Indus.*, 299 F.3d 1336, 1351 (Fed. Cir. 2002).) Kuhl claims that the court "misreads" *Allen* and argues that, under *Allen*, copying is relevant to the doctrine of equivalents even though copying is not important

2

to the doctrine of equivalents.  (Kuhl's 12/10/07 Mot. Recon. at 3.)  Kuhl's argument is

disingenuous because it has been rejected by the Supreme Court in *Warner-Jenkinson*

*Co. v. Hilton Davis Chemical Co.*, 520 U.S. 17 (1997), one of the very cases Kuhl cites

to support its position.  The *Warner-Jenkinson* Court explained that,

> Although *Graver Trank* [& *Manufacturing Co. v. Linde Air Products, Co.*,
> 399 U.S. 605 (1950)] certainly leaves room for petitioner's suggested
> inclusion of intent-based elements in the doctrine of equivalents, we do
> not read it as requiring them.  The better view, and the one consistent with
> *Graver Tank's* predecessors and the objective approach to infringement,
> is that *intent plays no role in the application of the doctrine of equivalents.*

*Warner-Jenkinson*, 520 U.S. at 37 (emphasis added).  Indeed, *Allen* cited *Warner-*

*Jenkinson*, noting that "the Supreme Court has specifically rejected the proposition that

copying is relevant to infringement as asserted under the doctrine of equivalents."

*Allen*, 299 F.3d at 1351 (citing *Warner-Jenkinson*, 520 U.S. at 35-36).  Accordingly, Kuhl

has failed to demonstrate a palpable defect in the court's finding that copying is

irrelevant to the infringement analysis.

Kuhl next claims that Hayes's patents and the development of the Struktur Wheel

are relevant to the infringement analysis because Hayes did not prove that the Struktur

Wheel depicted in the various filings is the same wheel Hayes has been selling.  Kuhl

maintains that the court's rejection of this argument, in part because the court

determined that it was Kuhl's burden to introduce evidence of infringement, was in error

because discovery closed before Hayes made or sold the Struktur Wheel in the United

States.  (Kuhl's 12/10/07 Mot. Recon. at 1.)  In so arguing, Kuhl overlooks or

misunderstands the court's determination that

> The scope of this case is limited to whether the Struktur Wheel infringes
> Kuhl's patents and this determination is not dependent on whether Hayes

is actually selling the Struktur Wheel.  If Kuhl's concern is accurate and Hayes is selling numerous versions of the Struktur Wheel, which materially differ from the Struktur Wheel diagrams and descriptions filed in this case, Kuhl is free to bring a separate infringement action against those wheels.

(11/30/07 Order at 6.)  Accordingly, Kuhl's concern is premature, and Kuhl can properly raise it in a separate proceeding if Kuhl has evidence, or an articulable good faith belief that it is likely to obtain evidence, that Hayes is selling wheels that both infringe Kuhl's patents and materially differ from the Struktur Wheel diagrams and descriptions filed in this case.[1]  As of the date of this order, Kuhl admittedly has no such evidence and has failed to articulate any basis for a good faith belief that it is likely to obtain such evidence if provided the opportunity.

Third, Kuhl contends that the court failed to properly apply the summary judgment standard by ignoring Hayes's burden to "identify[] those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of a material fact."  (Kuhl's 12/10/07 Mot. Recon. at 3-4 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).)  The court is not persuaded that Kuhl has demonstrated a palpable defect by which the court and the parties have been misled.  As the court previously stated,

It is Kuhl's burden to show that the Struktur Wheel infringes its patents.  In its non-infringement motion for summary judgment, Hayes has challenged Kuhl's infringement claim by pointing to an absence of material fact as to

---

[1]Federal Rule of Civil Procedure 11 requires that "allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery."

4

> the Struktur Wheel.  In facing this challenge, it is Kuhl's burden to submit
> actual admissible evidence to show that this is not the case.

(11/30/07 Order at 6.)  *See also Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.2d 1311, 1325-26 (Fed. Cir. 2004) ("Because [the patent holder] bears the burden of establishing infringement at trial, in moving for summary judgment [the alleged infringer] need only establish a deficiency concerning an element of [the patent holder's] infringement claim.")  With regards to "elongated spokes," the court determined that, because "there is no factual basis to support a conclusion that the amount of force that passes through the webbing is insubstantial" and "no question of fact regarding the webbing's structural significance, the Struktur Wheel spoke arrangement, which includes the webbing, does not infringe the '194 Patent under the doctrine of equivalents as a matter of law." (*Id.* at 10.)  The court further found that, as to the "flanges," Hayes produced tests that "demonstrate the structural significance of the continuous outer connecting ring in the Struktur Wheel" while Kuhl "failed to respond to these claims, except to admit during oral argument that the ring is an improvement over the flanges illustrated in the '194 Patent." (*Id.* at 12.)  Kuhl's arguments to the contrary are mere reiterations of its previous positions.  These assertions have already been considered, and rejected, by the court in its November 30, 2007 order.  Because "the court will not grant motions for rehearing or reconsideration that merely present the same issues rule upon by the court, either expressly or by reasonable implication," E.D. Mich. LR 7.1(g)(3), the court rejects these arguments.

Finally, Kuhl submits that the court erred in awarding Hayes summary judgment on Kuhl's unfair competition claim because "confusion is not a required element" and

"the events occurred, and are still occurring, post-plan, and not post-petition." (Kuhl's Mot. at 6.)  Regarding confusion, the Ninth Circuit has found that "likelihood of confusion is the dispositive issue on appeal not only with regard to [the trademark holder's] federal trademark infringement claim, but also with regard to . . . its unfair competition claim under California law."  *Thane Int'l, Inc. v. Trek Bicycle Corp.*, 305 F.3d 894, 901 n.3 (9th Cir. 2002) (citing *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1178 (9th Cir. 1994)).  Therefore, Kuhl has failed to show a palpable error in the court's conclusion that summary judgment was proper because "Kuhl presents no evidence of actual confusion or likelihood of confusion resulting from Hayes's alleged conduct." (11/30/07 Order at 29.)  Furthermore, Kuhl merely states, without support, that the events that gave rise to its claim occurred post-plan. (Kuhl's Mot. at 6-7.)  This is insufficient to draw into question the court's conclusion that the only events identified by Kuhl in support of its unfair competition claim occurred post-petition, but not post-plan.

### III.  CONCLUSION

IT IS ORDERED that Kuhl's "Motion for Reconsideration and Amendment of Summary Judgment Order and Judgment" [Dkt. # 243] is DENIED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  January 18, 2008

6

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 18, 2008, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522
